UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>THE CITY OF SAGINAW  )<br><br>Defendant,  )<br>and  )<br><br>THE POLICE OFFICERS ASSOCIATION OF MICHIGAN, THE COMMAND OFFICER'S ASSOCIATION OF MICHIGAN, THE INTERNATIONAL ASSOCIATION OF FIREFIGHTERS  )<br><br>Rule 19 Defendants.  ) | Case: 1:07-cv-11150<br>Assigned To: Ludington, Thomas L<br>Referral Judge: Binder, Charles E<br>Filed: 03-16-2007 At 11:26 AM<br>CMP EEOC V CITY OF SAGINAW (RRH)<br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age and to make whole Richard Streit and a class of individuals aggrieved by the unlawful employment practices of Defendant, the City of Saginaw. Defendant discriminated against Richard Streit and a class of individuals over the age of 45 (at the time of disability retirement) with respect to terms, conditions and privileges of employment, by maintaining disability retirement plans which calculate and pay reduced disability retirement benefits based on age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331,

1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621, et seq. (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sections 216(c) and 217.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Northern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, the City of Saginaw ("Defendant Employer"), has continuously been a municipal corporation doing business in the State of Michigan and has continuously had and does now have at least twenty employees.

5. At all relevant times, Defendant Employer has continuously been an employer that is a political subdivision of a state within the meaning of Section 11(b) of the ADEA, 29 U.S.C. 630(b).

6. The Police Officer's Association of Michigan ("POAM") is a labor organization that represents Defendant Employer's police officers who are affected by the unlawful employment practices complained of below. POAM has entered into collective bargaining

agreements with Saginaw which incorporate the discriminatory disability pension plans that are in violation of Section 4, Subsection (a)(1) of the ADEA, 29 U.S.C. 623(a)(1).

6. The Command Officer's Association of Michigan ("COAM") is a labor organization that represents Defendant Employer's police officers ranked as sergeants or higher who are affected by the unlawful employment practices complained of below.

7. The International Association of Firefighters ("IAF") is a labor organization that represents Defendant Employer's firefighters who are affected by the unlawful employment practices complained of below.

9. The bargaining rights of the members of POAM, COAM, and IAF may be affected by the outcome or resolution of this action. Thus, POAM, COAM and IAF, are necessary parties for just adjudication of this matter within the meaning of Fed.R.Civ.P. 19(a).

## CONCILIATION

10. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices hereinafter alleged and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. 626(b).

## STATEMENT OF CLAIMS

11. More than 30 days prior to the institution of this lawsuit, Richard Streit filed a charge with the Commission alleging violations of the ADEA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least October 16, 1992, Defendant Employer has engaged in unlawful, discriminatory employment practices in violation of Section 4, Subsection (a)(1) of

3

the ADEA, 29 U.S.C. 623(a)(1). Specifically, Defendant Employer maintained disability pension benefits plans which discriminate on the basis of age against a class of individuals over the age of 45 (at the time of disability retirement) by using age as a determinative factor in the calculation and payment of disability retirement benefits. As a result, because of age, lesser disability benefits are paid to Richard Streit and similarly situated duty and non-duty disability retirees who were over the age of 45 at the time of disability retirement.

13. The effect of the practices complained of above has been to deprive Richard Streit and similarly situated disability retirees of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

14. The unlawful employment practices complained of above were and are willful within the meaning of the ADEA.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age. Specifically, enjoining Defendant Employer's use of age as a factor in calculating disability retirement benefits.

B. ORDER Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons who are at least age forty (40), and which eradicate the effects of its past and present unlawful employment practices.

C. ORDER Defendant Employer to provide training regarding the Age Discrimination

in Employment Act, and its prohibitions against age discrimination to all current and future employees;

D. Grant a judgment requiring Defendant Employer to pay appropriate lost pension benefits, an equal sum as liquidated damages, an increase in the payment of monthly pension benefits in an amount to be determined at trial, and prejudgment interest to Richard Streit and the class of individuals whose pension benefits are being unlawfully withheld as a result of the acts complained of above.

E. GRANT such further relief as the Court deems necessary and proper.

F. AWARD the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: 3/16/07

Respectfully submitted,

*Laurie A. Young*
LAURIE A. YOUNG
Regional Attorney

*Omar Weaver*
OMAR WEAVER (P58861)
Trial Attorney

DEBORAH M. BARNO (P44525)
Acting Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Telephone: (313)226-3407

# CIVIL COVER SHEET

County in which this action arose  SAGINAW

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
CITY OF SAGINAW, THE POLICE OFFICERS ASSOCIATION OF MICHIGAN, THE COMMAND OFFICER'S ASSOCIATION OF MICHIGAN & THE INTERNATIONAL ASSOCIATION OF FIREFIGHTERS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SAGINAW
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Omar Weaver (P58861) Equal Employment Opportunity Commission
477 Michigan Avenue, Room 865
Detroit, MI 48226  (313) 226-3407

Attorneys (If Known)
John Decker Attorney for City of Saginaw
Frank A. Guido, Attorney for Police Officer Assoc. of Mich.
Ronald R. Helveston, Attorney for International Assoc. of Firefighters

## II. BASIS OF JURISDICTION (Select One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

Case: 1:07-cv-11150
Assigned To: Ludington, Thomas L
Referral Judge: Binder, Charles E
Filed: 03-16-2007 At 11:26 AM
CMP EEOC V CITY OF SAGINAW (RRH)

## IV. NATURE OF SUIT (Select One Box Only)

[Civil Rights - 442 Employment checked]

## V. ORIGIN (Select One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED (ADEA)

Brief description of cause:
THIS IS AN ACTION UNDER THE ADEA TO CORRECT UNLAWFUL EMPLOYMENT PRACTICES ON THE BASIS OF AGE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE  March 16, 2007
SIGNATURE OF ATTORNEY OF RECORD  Omar Weaver p/ly

FOR OFFICE USE ONLY
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☑ Yes ☐ No

   If yes, give the following information:

   Court: UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN

   Case No.: 04-10303-BC

   Judge: DAVID M. LAWSON

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :